IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

JOHN WILLIE POWELL,                    )
                                       )
       Petitioner,              )
                                       )
   v.                                )     CV 121-023
                                       )      (Formerly CR 119-024)
UNITED STATES OF AMERICA,              )
                                       )
       Respondent.              )
_____

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
_____

Petitioner, an inmate at Butner Federal Correctional Institution in Butner, North Carolina, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. This case is now before the Court on Respondent's motion to dismiss, (doc. no. 5), which Petitioner opposes, (doc. no. 7). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED**, (doc. no. 5), that Petitioner's § 2255 motion be **DISMISSED** as untimely, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

## I.    BACKGROUND

### A.    Indictment and Agreement to Plead Guilty

On February 6, 2019, the grand jury in the Southern District of Georgia charged Petitioner in a twelve-count, multi-defendant indictment with seven counts of Conspiracy to Distribute Controlled Substances. <u>United States v. Walker, et al.</u>, CR 119-024, doc. no. 3

(S.D. Ga. Nov. 27, 2019) (hereinafter "CR 119-024").  The Court appointed attorney Alex M. Brown under the Criminal Justice Act to represent Petitioner.  Id., doc. no. 24.  On June 19, 2019, pursuant to a plea agreement (the "Agreement"), Petitioner entered a guilty plea to a single count.  Id., doc. nos. 60-62.  The Agreement delineated the penalties for the single count as a mandatory minimum of four years of imprisonment and a maximum of forty years of imprisonment, and explained the Court was free to impose any sentence up to the maximum.  Id., doc. no. 62, pp. 1-2.  The Agreement memorialized the government's willingness to not object to a recommendation for a two-point reduction for acceptance of responsibility under the Sentencing Guidelines and move for an additional one-point reduction for acceptance of responsibility.  Id. at 3.

However, the Agreement also expressly stated Petitioner understood "[t]he Court is not bound by any estimate of sentence given or recommendations made by Defendant's counsel, the government, the United States Probation Office, or anyone else."  Id. at 2. Petitioner agreed that even if the sentence imposed by the Court was more than he expected, he had no absolute right to withdraw his guilty plea.  Id.  Moreover, if Petitioner failed to comply with any term of the Agreement in any way, including committing new crimes prior to sentencing, the government was released from the terms of the Agreement.  Id. at 8.

Petitioner's plea agreement also included a broad appeal and collateral attack waiver that stated in relevant part:

> Defendant entirely waives his right to direct appeal of his conviction and sentence on any ground (including any argument that the statue to which the defendant is pleading guilty is unconstitutional or that the admitted conduct does not fall within the scope of the statute). . . . Defendant entirely waives his right to collaterally attack his conviction and sentence on any

ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion.   The only exception is that Defendant may collaterally attack his conviction and sentence based on a claim of ineffective assistance of counsel.

Id. at 6-7.

B.   **Sentencing**

Upon entry of the guilty plea, the United States Probation Office prepared a Presentence Investigation Report ("PSI") which set Petitioner's Criminal History Score at two, Criminal History Category at II, and Guideline imprisonment range at ninety-seven to 120 months.   PSI ¶¶ 33, 58.   The PSI detailed a criminal history of vehicular homicide, disorderly conduct, and two DUIs.   PSI ¶¶ 31-32.   At sentencing on November 25, 2019, Chief United States District Judge J. Randal Hall sentenced Petitioner to ninety-seven months of imprisonment, the low end of the applicable Guideline range as determined in the final PSI.   CR 119-024, doc. no. 78.   The judgment entered November 27, 2019.   Id., doc. no. 79.

C.   **Post-Conviction Proceedings**

Consistent with the Agreement, Petitioner did not file a direct appeal.   However, on October 5, 2020, Petitioner signed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).   Id., doc. no. 87.   Petitioner stated that his serious physical and mental conditions represented extraordinary and compelling reasons to justify release.   See id. Petitioner cited case law and the COVID-19 pandemic in support of his motion.   See id. Petitioner made no mention of hindrances to complete research for or to file his motion, nor did Petitioner mention any intention to file or argue for relief under § 2255.   See id.

3

On December 2, 2020, Judge Hall denied the motion, explaining even assuming Petitioner could establish that his medical conditions place him at an increased risk of severe illness if he contracts COVID-19, and thus qualifying as a serious medical, the factors of 18 U.S.C. § 3553 weighed against his release.  Id., doc. no. 94.  Specifically, Judge Hall noted Petitioner's release one year into an eight-year sentence would not reflect the seriousness of his offense, promote respect of the law, provide just punishment, and afford adequate deterrence. Id.

Approximately two months after his motion for compassionate release was denied, Petitioner signed the instant § 2255 motion on February 1, 2021, and the Clerk of Court filed it on February 11, 2021.  (See doc. no. 1.)  Petitioner raises two grounds for relief, alleging ineffective assistance of counsel in connection with his plea agreement and sentencing.  (Id. at 7, 16.)  Petitioner preemptively acknowledged the untimeliness of his § 2255 motion, through a motion, signed contemporaneously with his § 2255 motion, requesting permission to file the out-of-time § 2255 motion.   (Doc. no. 2.)   The government opposes Petitioner's request to file an out-of-time motion and moves to dismiss the § 2255 motion as untimely. (Doc. no. 5.)  Petitioner opposes the motion.  (Doc. no. 7.)

## II.   DISCUSSION

### A.   The Motion Is Untimely because Petitioner's Statute of Limitations Began to Run the Date His Conviction Became Final

28 U.S.C. § 2255(f), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a one-year statute of limitations for § 2255 motions that runs from the latest of four possible dates:

1.      the date on which the judgment of conviction becomes final;

2.      the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3.      the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4.      the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  Petitioner's judgment of conviction was entered on November 27, 2019, and because Petitioner did not file a direct appeal, his convictions and sentence became final fourteen days later.  See Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000) (explaining that where no timely notice of appeal is filed and motion for leave to file out of time appeal is denied, judgment of conviction final ten days after entry); Fed. R. App. P. 4(b)(1).[1]  The instant petition, executed on February 1, 2021 and outside of the one-year statute of limitations, is untimely.

**B.      Petitioner Has Not Demonstrated He Is Entitled to Equitable Tolling or that a Fundamental Miscarriage of Justice Has Occurred**

Nevertheless, an otherwise untimely § 2255 petition may be considered if a petitioner can demonstrate that either he is entitled to equitable tolling or that a fundamental miscarriage of justice has occurred.  Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has

---

[1]In 2009, the Federal Rules of Appellate Procedure were revised to extend the time for filing a notice of appeal from ten days to fourteen days.  Fed. R. App. P. 4(b), 2009 advisory committee's note.

been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007).  Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances."  Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003).  The petitioner bears the burden of proving his entitlement to equitable tolling and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both.  See Damren v. Florida, 776 F.3d 816, 821-22 (11th Cir. 2015).

Consideration of an otherwise untimely petition for federal habeas corpus relief may also be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000).  The actual innocence exception "is exceedingly narrow in scope," and a time-barred petitioner seeking to invoke it must be able "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence."  Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (citations omitted), cert. denied, 133 S. Ct. 351 (2012).  As the Supreme Court emphasized, "The miscarriage of justice exception, we underscore, applies to

a <u>severely confined</u> category:  cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" <u>McQuiggin</u>, 133 S. Ct. at 1933 (emphasis added).

Here, Petitioner has not shown that extraordinary circumstances prevented him from timely filing his motion.  To the extent Petitioner claims the COVID-19 pandemic, resulting prison policies, and his transfer from FCI Tallahassee to FCI Butner Medium, amount to extraordinary circumstances, Petitioner offers absolutely no details on any efforts he made to ensure he could timely file his § 2255 motion, let alone provide sufficient information to satisfy his burden to show due diligence in pursuing his rights.  Petitioner only states he "has been drafting his § 2255 [m]otion since October 2020 and due to the COVID-19 pandemic, [he] has very limited, barely any, resources necessary to prepare his motion."  Doc. no. 2, p. 2.  Petitioner also generally states "prison guidelines for Covid-19 created extraordinary circumstances which stood in [his] way," but he provides no further details.  Doc. no. 7, p. 3.

Petitioner fails to explain what if anything prevented him from filing his § 2255 motion in the at least 10 months between his sentence becoming final in December 2019 and his transfer in November 2020.  At most, Petitioner alleges an issue with access to resources due to his transfer or COVID-19 prison policies.  Doc. no. 2, p. 2.  However, transfers and periods of lockdown or separation from legal resources alone do no amount to extraordinary circumstances.  <u>See</u> <u>Hess v. Sec'y, Dept. of Corr.</u>, No. 16-14118-E, 2017 WL 6607169, at *3 (11th Cir. Oct. 18, 2017) (recounting precedent finding no extraordinary circumstances result from lockdowns or separation from legal papers and holding similar logic applies to transfers).

Similarly, blanket allegations without evidence showing the COVID-19 pandemic interfered with Petitioner's diligent efforts to pursue his rights does not warrant equitable tolling.  See Chapman-Sexton v. Unites States, 2:20-CV-3661-EPD, 2021 WL 292027, at *3 (S.D. Ohio Jan. 28, 2021) (denying equitable tolling where record did not indicate COVID-19 caused extraordinary circumstances); see also Mims v. Unites States, 4:20-CV-1538-RWS, 2021 WL 409954, at *4 (E.D. Mo. Feb. 5, 2021) (denying equitable tolling for COVID-19 without establishing rights were diligently pursued); United States v. Thomas, CR No. 18-135, 2020 WL 7229705, at *2 (E.D. La. Dec. 8, 2020) (same).  This is especially true in a case such as here where several months passed between Petitioner's sentence becoming final and the COVID-19 pandemic beginning.  See United states v. Cruz, CV No. 15-CR-260(13)-PAM-TNL, 2020 WL 5995260, at *2 (D. Minn. Oct. 9, 2020) (denying petitioner equitable tolling where petitioner failed to show efforts made to diligently pursue his rights before the Covid-19 pandemic began); United States v. Barnes, 20-CV-0284-CVE-FHM, 2020 WL 4550389, at *2 (N.D. Okla. Aug. 6, 2020) (same).

Additionally, any claim by Petitioner of an inability to timely file a motion in this Court due to the COVID-19 pandemic is directly refuted by Petitioner's very own prior filings.  As discussed above, in October 2020, within his one-year window, Petitioner filed a motion for compassionate release.  In that motion, Petitioner formulated and articulated arguments for release under 18 U.S.C. § 3582(c)(1)(A), even citing case law in support.  Thus, it is hard to reason why Petitioner could not have similarly filed his § 2255 motion.  Thus, Petitioner's actions fail to show due diligence on his part to pursue his rights.

8

Further, Petitioner has not presented any evidence, much less new evidence, to suggest that he did not commit the offense to which he pleaded guilty such that no reasonable juror would have convicted him. Indeed, Petitioner does not assert innocence of his crime of conviction, but rather claims that his counsel was ineffective in explaining and negotiating his plea deal and sentence. To the extent Petitioner claims an entitlement to equitable tolling based on the conclusory argument the COVID-19 pandemic prevented him from timely filing his motion, as explained above, Petitioner has not established actual harm because he clearly knew the basis for his claims and was able to write letters to the Court about his perceived ineffective assistance of counsel.

Thus, Petitioner cannot show that the delay in filing a § 2255 motion was the result of extraordinary circumstances beyond his control, even with the exercise of due diligence, when he knew the facts supporting his current collateral challenge well before the expiration of his one-year statute of limitations. See Johnson, 340 F.3d at 1226. Additionally, "[w]hen a federal prisoner, sentenced below the statutory maximum, complains of a sentencing error and does not prove either actual innocence of his crime or the vacatur of a prior conviction, the prisoner cannot satisfy the demanding standard that a sentencing error resulted in a complete miscarriage of justice." Spencer v. United States, 773 F.3d 1132, 1139 (11th Cir. 2014). Petitioner was sentenced not only well below the statutory maximum of forty years, but also well within the advisory Guideline range, and he has not shown actual innocence or vacatur of any prior *convictions* that he claims were improperly used against him.

### III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED**, (doc. no. 5), that Petitioner's § 2255 motion be **DISMISSED** as untimely, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 24th day of May, 2021, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA